IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOEY TAYLOR** | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:24-CV-00584 |
| | § | |
| **COLLIN COLLEGE** | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff **JOEY TAYLOR** to file this "Plaintiff's Complaint" against the Defendant as follows:

### A.   NATURE OF SUIT

1. At all times relevant, Plaintiff **JOEY TAYLOR** was a student attending Defendant **COLLIN COLLEGE** (defined as "Defendant" hereafter). While attending the **COLLIN COLLEGE**, Plaintiff was the subject of a Title IX violation as a result of interactions with a Professor at the college which violated Title IX and the college's policies and led to discriminatory conduct and retaliation against Plaintiff **JOEY TAYLOR**.

2. Plaintiff **JOEY TAYLOR** now files this action for relief pursuant to 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) with regard to the violation of the laws of the UnitedStates, the denial of Plaintiff **JOEY TAYLOR**'s equal protection rights, procedural due process violations, and substantive due process

PLAINTIFF'S COMPLAINT                                                                                               1

violations under the Fourteenth Amendment to the U.S. Constitution.

## B. PARTIES

3. Plaintiff **JOEY TAYLOR** ("JOEY") resided in Texas at the time of the events in question.

4. Defendant **COLLIN COLLEGE** is a public community college operating in the State of Texas.

## C. JURISDICTION, VENUE, AND SERVICE

5. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 20 U.S.C. §1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX).

6. Venue is proper in the Eastern District of Texas (Sherman Division) because Defendant **COLLIN COLLEGE** operates in Collin County, Texas which is within the Eastern District of Texas.

## D. FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff **JOEY TAYLOR** was a student attending **COLLIN COLLEGE**, being a public community college owned and operated by Defendant. Plaintiff was born on December 10, 1988. Plaintiff is a gay male and is, therefore, protected under Title IX from discrimination on the basis of his sexual orientation.

8. Plaintiff was discriminated against by Professor Paul Belk and other employees of **COLLIN COLLEGE**. The conduct engaged in by Professor Belk was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to education opportunities and benefits provided by Defendant.

9. Plaintiff was subjected to discriminatory conduct by Professor Belk, including Professor Belk refusing to answer Plaintiff's questions regarding missing materials that Plaintiff needed access to for Professor Belk's class, giving Plaintiff a zero for a project that Plaintiff timely completed and turned in, and filing a false claim of harassment, threatening behavior, and abuse against Plaintiff.

10. Plaintiff timely filed a Title IX complaint with Defendant and Defendant failed to resolve the issue.

### *Defendant COLLIN COLLEGE's acts and omissions as to the Title IX Requirements and Code of Federal Regulations*

11. According to Collin College's 2023-2024 Student Handbook:

"In accordance with Title IX, as amended on May 19, 2022, sexual harassment means conduct on the basis of sex that satisfies one (1) or more the following:

1. A Collin College employee conditioning the provision of an aid, benefit, or service of Collin College on an individual's participation in unwelcome sexual conduct (i.e., quid pro quo sexual harassment);

2. Unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to Collin College's education program or activity; or

3. Sexual assault, as defined in the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act (Clery Act); and dating violence, domestic violence, or stalking as defined in the Violence Against Women Act."

"U34 C.F.R. §106.45(a) states *"Discrimination on the basis of sex.* A recipient's treatment of a complainant or a respondent in response to a formal complaint of sexual harassment may constitute discrimination on the

basis of sex under Title IX."

12.     Under the Title IX Regulations, Defendant **COLLIN COLLEGE** was required to offer Plaintiff supportive measures as defined in 34 C.F.R. § 106.30.

13.     On or about August 25, 2023, **COLLIN COLLEGE** received notice of the formal complaint by Plaintiff.

14.     Defendant **COLLIN COLLEGE** failed to conduct a Title IX investigation and failed to provide Plaintiff with supportive measures.

15.     Defendant **COLLIN COLLEGE**'s lack of investigation, failure to provide supportive measures, and denial of Plaintiff 's access to basic academic support was unreasonable.  Defendant **COLLIN COLLEGE**'s actions and lack of actions amount to deliberate indifference in light of the known circumstances.

### *Defendant's Action Under the Color of State Law*

16.     As described, Defendant **COLLIN COLLEGE**'s violations of Plaintiff 's rights were implemented under the color of law by the referenced employees and respective agents of Defendant **COLLIN COLLEGE**, who were acting on or failing to act on their delegated duties to implement and enforce the policies, practices, and procedures of the Defendant.

17.     Defendant **COLLIN COLLEGE**'s acts and omissions which created a hostile learning environment, failed to provide remedies to Plaintiff, and violated **COLLIN COLLEGE**'s own policy regarding discriminatory conduct under Title IX, were committed intentionally and in bad faith, or with reckless disregard for the outcome.

18.     Defendant **COLLIN COLLEGE**'s acts and omissions created a hostile learning environment, failed to provide remedies to Plaintiff, and violated **COLLIN COLLEGE**'s own policy regarding discriminatory conduct under Title IX are so extreme

and unconscionable, that such actions show the conscious indifference held by Defendant **COLLIN COLLEGE** as to Plaintiff.

### *Harm suffered by Plaintiff*

19. Plaintiff has spent over $6,000.00 in attorney's fees attempting to remedy the harm suffered by Plaintiff.

20. Plaintiff has suffered mental anguish and endured a hostile learning environment created by **COLLIN COLLEGE**'s misconduct and failure to provide remedies to Plaintiff.

### *Futility of Administrative Remedies*

21. Although Plaintiff requested remedies from **COLLIN COLLEGE** regarding Professor Belk's harassment of Plaintiff, **COLLIN COLLEGE** failed to take action and resolve the issue.

22. However, such remedies are not required by Title IX.

23. As a result, any asserted obligations of Plaintiff to pursue such remedies prior to the institution of this matter are inapplicable and would have been otherwise futile.

24. As a result of the foregoing described acts and omissions of Defendant **COLLIN COLLEGE**'s as to Plaintiff, was forced to engage an attorney and pursue this action to redress such wrongs.

25. All conditions precedent to Plaintiff bringing these claims have been met.

### E.  PLAINTIFF'S CAUSES OF ACTION

26. Defendant's described acts and omissions as to Plaintiff were discriminatory under Title IX of the Higher Education Amendments.

27. Defendant's described acts and omissions as to Plaintiff were discriminatory under 34 C.F.R. §106.45.

28. Defendant's described acts and omissions as to Plaintiff were discriminatory under Collin College 2023-2024 Student Handbook.

**Law Applied to Facts**

29. The enforcement by Defendant **COLLIN COLLEGE** of Title IX regulations in a discriminatory manner is within the Fourteenth Amendment.

30. Defendant **COLLIN COLLEGE** denied Plaintiff the equal protection of the laws. Defendant **COLLIN COLLEGE**'s denial of Plaintiff's property, life, or liberty, without due process of law, and denial to Plaintiff the equal protection of the laws, violated the constitutional inhibition; and as Defendant **COLLIN COLLEGE** officials acted in the name and for the Defendant **COLLIN COLLEGE**, and is clothed with the Defendant **COLLIN COLLEGE**'s power, their acts are those of Defendant **COLLIN COLLEGE**.

31. Defendant **COLLIN COLLEGE** failed to offer Plaintiff supportive measures as defined in 34 C.F.R. § 106.30 and § 106.45.

32. Defendant **COLLIN COLLEGE**'s actions and lack of actions amount to deliberate indifference in light of the known circumstances.

33. Defendant **COLLIN COLLEGE**'s failure to follow 34 C.F.R. § 106.45 and 34 C.F.R. § 106.30 was the moving force directly caused Plaintiff's injuries. Defendant **COLLIN COLLEGE'**s delays and failures to act denied him the right to access to the educational opportunities or benefits provided by the school. He required the supportive measures that Defendant **COLLIN COLLEGE** was statutorily required to provide him.

34. As a direct and proximate result of Defendant **COLLIN COLLEGE**'s acts and omissions towards Plaintiff, has suffered harm, including but not

limited to mental anguish, expenses, and loss of opportunity in future educational and professional endeavors. Plaintiff, therefore, now seeks compensatory damages for such injuries.

### F. REQUEST FOR JURY

35. Plaintiff hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented thereto.

### G. PRAYER FOR RELIEF

36. Wherefore, premises considered, Plaintiff prays that upon final consideration of this matter that Plaintiff have judgment against Defendant **COLLIN COLLEGE** for:

 a. Monetary damages;

 b. Reasonable and necessary attorneys' fees;

 c. Taxable expenses of litigation and costs of court; and,

 d. Post-judgment interest at the maximum lawful rate.

37. Plaintiff further prays that Plaintiff receive such other and further relief to which he may be justly entitled.

Respectfully submitted,

HOWLAND SHAKE LAW, LLP

*George Shake*

George H. Shake
State Bar No.: 24077524
Federal ID No.: 3684307
17304 Preston Rd., Suite 800
Dallas, TX 75252
Tel: (469) 371-4282
Fax : (469) 574-7660
Email: george@howlandshakelaw.com
Attorney for Plaintiff
**ATTORNEY IN CHARGE**