IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOEY TAYLOR, | § § § | |
| *Plaintiff,* | § | |
| vs. | § § | CIVIL ACTION NO. 4:24-CV-00584-ALM |
| COLLIN COLLEGE, | § § | |
| *Defendant.* | § | |

**DEFENDANT COLLIN COUNTY COMMUNITY COLLEGE DISTRICT'S UNOPPOSED MOTION TO EXTEND MEDIATION DEADLINE**

TO THE HONORABLE AMOS L. MAZZANT, III, DISTRICT JUDGE:

Defendant Collin County Community College District ("Collin College" or the "College") moves the Court for an extension of the current Monday, May 19, 2025, mediation deadline, *see* Dkt. 11, to Friday, June 6, 2025. Good cause exists for this extension based on scheduling conflicts. In addition to deposition and other Court and state administrative agency conflicts of counsel, (1) Collin College has a trial beginning Monday, April 28, 2025, which limits the College General Counsel's availability for mediation in late April and early May; (2) the College's representative with settlement authority is completely unavailable the second week of May; and (3) the College's May 16 graduation ceremonies, which require much preparation, will significantly restrict the College's ability to mediate before the current May 19, 2025, mediation deadline.

The parties have consulted with Magistrate Judge Bill Davis's Case Administrator and have found that Judge Davis and the parties are all available to

1

mediate on June 6, 2025. Collin College, therefore, requests an extension of the mediation deadline to allow the parties to attend a June 6, 2025 mediation.

## ARGUMENT

1. The Scheduling Order set a May 19, 2025 mediation deadline. Dkt. 11.

2. On April 9, 2025, the parties filed their Joint Motion for Referral to United States Magistrate Judge Bill Davis for Mediation. Dkt. 17.

3. On April 14, 2025, the Court grant that motion and referred the matter to Judge Davis for mediation.

4. The parties have communicated with Judge Davis's Case Administrator regarding a mediation date prior to the May 19, 2025 deadline. But the College's counsel, General Counsel, and representative with settlement authority were not all available on—or able to change their schedules to accommodate—any of the dates provided. As noted above, Collin College is a defendant in a state court trial that is scheduled to begin April 28, 2025. The College's General Counsel will be attending that trial and, therefore, is not available for mediation while that trial is proceeding. The College's representative with settlement authority is unavailable the second week in May 2025 due to a pre-scheduled personal matter that cannot be changed. And the College has its graduation ceremonies on May 16, 2025 which limit availability for mediation before May 19, 2025.

5. Upon learning of these scheduling conflicts, the parties conferred with each other and the Case Administrator to obtain available dates in June. The parties found they were all available on June 6, 2025 for mediation, a mediation date the

Case Administrator had offered as an alternative. The College now asks the Court to extend the deadline to enable the mediation of this case to occur on June 6, 2025.

6. Collin College does not request extension of this deadline for purposes of undue delay but to allow the parties to attend mediation on June 6, 2025, a date when all of the individuals who need to be present for mediation are available.

7. Mr. Taylor's counsel has indicated that he is not opposed to this Motion or the requested extension of the mediation deadline. Collin College does not believe an extension of the mediation deadline will prejudice Mr. Taylor.

8. The Court has discretion to extend or modify existing scheduling order deadlines based on good cause. *See* FED. R. CIV. P. 16(b)(4); Dkt. 11. "The good cause standard requires the party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *Cunningham v. Dr. Fin., LLC*, No. 4:18-CV-00565-ALM-CAN, 2019 WL 13149918, at *2 (E.D. Tex. Nov. 6, 2019) (internal citations and quotations omitted).

9. In light of the scheduling conflicts outlined, Collin College requests an extension of the mediation deadline until June 6, 2025, when the parties have all agreed mediation can occur. Good cause, therefore, exists to modify the May 19, 2025, mediation deadline.

10. This is Collin College's first request for a modification of the mediation deadline and does not believe further extension of this deadline will be required.

For these reasons, Collin County College Community College District respectfully prays that the Court grant this Unopposed Motion to Extend Mediation Deadline and extend the mediation deadline to June 6, 2025.

        Respectfully submitted,

/s/    *Kathryn E. Long*
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

IBRAHIM YASEEN
iyaseen@thompsonhorton.com
State Bar No. 24137674

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

*Attorneys for Defendant Collin College*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that she conferred with Plaintiff's counsel, George Shake, via email on April 24, 2025, regarding the relief requested in this Motion. Mr. Shake indicated that Plaintiff is unopposed to this motion and the relief requested.

/s/ *Kathryn E. Long*
KATHRYN E. LONG

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document has been served upon Plaintiff's counsel via the Court's electronic filing system on April 24, 2025.

George H. Shake
HOWLAND SHAKE LAW, LLP
17304 Preston Rd., Suite 800
Dallas, TX 75252
george@howlandshakelaw.com

/s/      *Kathryn E. Long*
KATHRYN E. LONG