IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOEY TAYLOR, | § § § | |
| *Plaintiff,* | § | |
| vs. | § § | CIVIL ACTION NO. 4:24-CV-00584-ALM |
| COLLIN COLLEGE, | § § | |
| *Defendant.* | § | |

**DEFENDANT COLLIN COUNTY COMMUNITY COLLEGE DISTRICT'S SECOND UNOPPOSED MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE**

TO THE HONORABLE AMOS L. MAZZANT, III, DISTRICT JUDGE:

Defendant Collin County Community College District ("Collin College" or the "College") moves the Court for an extension of the current Friday, May 2, 2025, dispositive motion deadline, *see* Dkt. 19, to Friday, May 9, 2025. Good cause exists for this extension because interceding and time-sensitive events unexpectedly arose that required substantial time and attention from the College's lead counsel, including *inter alia* preparation for and participation in five Texas Education Agency special investigation interviews noticed late last week to occur on April 29, 2025, and April 30, 2025, as well as defenses of depositions for clients subpoenaed as third parties scheduled for April 28, 2025, and May 1, 2025 that unexpectedly required significant time from lead counsel to prepare the witnesses and/or attend the depositions.

In addition, the parties are working to file a joint motion for protective order and agreed protective order to enable the College to file, under seal, certain summary

1

judgment evidence that contains Plaintiff Joey Taylor's confidential education information under the Family Educational Rights and Privacy Act ("FERPA").

Plaintiff Joey Taylor's counsel has advised that Mr. Taylor is not opposed to the extension. The College's counsel and Mr. Taylor's counsel are working diligently to reach agreement regarding a proposed protective order to allow the College to submit necessary summary judgment evidence while fully protecting Mr. Taylor's FERPA rights.

## BACKGROUND & GOOD CAUSE FOR EXTENSION

1. Mr. Taylor, a student, asserts claims against the College under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and 42 U.S.C. § 1983 for alleged sexual orientation discrimination.

2. The matter is set for trial on the Court's three-week docket beginning October 6, 2025. Dkt. 11, p. 4.

3. The Court's November 18, 2024 Scheduling order set an April 17, 2025 deadline to file dispositive motions. *Id.*, p. 1. On April 9, 2025, Collin College filed its First Unopposed Motion to Extend Dispositive Motion Deadline. Dkt. 18. On April 14, 2025, the Court entered an order extending the deadline for filing dispositive motions to May 2, 2025. Dkt. 19.

4. Counsel for Collin College has been diligently working to prepare its motion for summary judgment and supporting evidence. As of April 14, 2025, the College believed a two-week extension was sufficient. But five Texas Education Agency special investigation interviews of officials from two different school district

clients noticed late last week to occur on April 29, 2025 and April 30, 2025, and deposition subpoenas for clients as third parties for depositions scheduled for April 28 and May 1, 2025, were added in late April to an already busy federal and state court litigation docket. Kathryn Long, the College's lead counsel, is also primary external counsel for the two school districts subject to TEA interviews, which happen to be in an area where Ms. Long has special experience. As a result, these interviews could not be handled by other attorneys in her office. The two third-party depositions are also primarily being handled by Ms. Long and, both depositions could not be handed off for someone else to handle due to extenuating circumstances.

5. These matters—which have required substantial attention from Ms. Long from April 23 through May 1—were added to an already busy ligation docket with other depositions, hearings, and briefing deadlines, including a key deposition taken on behalf of multiple defendants in a multi-party federal civil rights case pending in the Western District of Texas—Austin Division; two Rule 12(b)(6) replies due on April 18, 2025, Rule 12(b)(6) motions due in two separate cases on April 18, 2025 and April 25, 2025, and a response to motion to remand due on April 25, 2025. These unexpected matters have hindered the ability to adequately prepare and finalize the College's motion for summary judgment and summary judgment evidence, for which Ms. Long is primarily responsible.

6. In addition, the College has identified summary judgment evidence that is necessary to file, but which may be Mr. Taylor's confidential, education information. The parties need time to finalize a joint motion for protective order and

a proposed agreed protective order to enable the College to file its evidence with the Court while maintaining Mr. Taylor's educational privacy rights by having it maintained under seal.

7. Despite diligence, due to the foregoing, counsel for the College will have a challenging time finalizing the District's dispositive motions and supporting evidence by the May 2, 2025, deadline. The requested seven-day extension will allow counsel for Collin College sufficient time to finalize the College's motions in a manner that facilitates the Court's review of the motion and ensures the College's interests are zealously represented, as well as preserving Mr. Taylor's educational privacy.

8. Collin College does not request extension of this deadline for purposes of undue delay but to permit sufficient time for filing dispositive motions in light of these recent unexpected events impacting its counsel.

9. Collin College does not believe a seven-day extension will prejudice Mr. Taylor, and Mr. Taylor's counsel has indicated that he is not opposed to the extension.

10. The Court has discretion to extend or modify existing scheduling order deadlines based on good cause. *See* FED. R. CIV. P. 16(b)(4); Dkt. 11. "The good cause standard requires the party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *Cunningham v. Dr. Fin., LLC*, No. 4:18-CV-00565-ALM-CAN, 2019 WL 13149918, at *2 (E.D. Tex. Nov. 6, 2019) (internal citations and quotations omitted).

11. In light of the unforeseen circumstances and obligations described above, counsel for Collin College requires seven additional days to complete the

College's motion for summary judgment. Good cause exists to modify the May 2, 2025, dispositive motion deadline.

12. This is Collin College's second request for a modification of the dipositive motion deadline. Collin College requests a full week, instead of a shorter time period, to ensure further requests for extension of this deadline will be unnecessary.

For these reasons, Collin County College Community College District respectfully prays that the Court grant this Unopposed Motion to Extend Time to File Dispositive Motions and extend the dispositive motion deadline to May 9, 2025.

Respectfully submitted,

/s/     *Kathryn E. Long*
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

IBRAHIM YASEEN
iyaseen@thompsonhorton.com
State Bar No. 24137674

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

ATTORNEYS FOR DEFENDANT
COLLIN COLLEGE

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she conferred with Plaintiff's counsel, George Shake, via email on April 29, 2025 and April 30, 2025, regarding the relief requested in this Motion. On April 30, 2025, Mr. Shake indicated that Plaintiff is unopposed to this motion and the relief requested.

/s/ *Kathryn E. Long*
KATHRYN E. LONG

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon Plaintiff's counsel via the Court's electronic filing system on April 30, 2025.

George H. Shake
HOWLAND SHAKE LAW, LLP
17304 Preston Rd., Suite 800
Dallas, TX 75252
george@howlandshakelaw.com

/s/    *Kathryn E. Long*
KATHRYN E. LONG