# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOEY TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-584 |
| | § | Judge Mazzant |
| COLLIN COLLEGE, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Collin County Community College District's Motion to Dismiss Plaintiff Joey Taylor's Original Complaint and Brief in Support (Dkt. #4). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

**I.     Factual Background**

This case arises under Title IX. Plaintiff Joey Taylor, now thirty-five years old, is a former student of Defendant Collin College (Dkt. #5 at p. 2). He is also a gay male (Dkt. #5 at p. 2). He alleges that Defendant discriminated against him on the basis of his sexual orientation (Dkt. #5 at p. 2). Specifically, Plaintiff alleges that Professor Belk, one of Plaintiff's professors at Collin College, discriminated against him in several ways: (1) "refusing to answer Plaintiff's questions regarding missing materials that Plaintiff needed access to for Professor Belk's class"; (2) "giving Plaintiff a zero for a project that Plaintiff timely completed and turned in"; and (3) "filing a false claim of harassment, threatening behavior, and abuse against Plaintiff" (Dkt. #5 at p. 3). Plaintiff also claims that, whereas "Professor Belk treated Plaintiff's classmates with dignity and respect

. . . [,]" Professor Belk did not extend the same treatment to Plaintiff (Dkt. #5 at p. 3). In response, Plaintiff tendered "written notice to Defendant that Professor Belk was mistreating [Plaintiff] upon learning that [he] is a homosexual" (Dkt. #5 at p. 3). Then, according to Plaintiff, Professor Belk "filed a false incident report with Defendant against Plaintiff, in part because Plaintiff alleged discrimination based on sexual orientation" (Dkt. #5 at p. 3) (internal quotations omitted). Soon after, Plaintiff avers that, despite his timely completion of an assigned school project, Professor Belk gave Plaintiff a grade of zero (Dkt. #5 at p. 3). Though Plaintiff claims to have brought all of this to Defendant's attention, Defendant is alleged to have done nothing (Dkt. #5 at p. 3). Plaintiff now seeks redress.

## II.    Procedural Background

Plaintiff sued Defendant on June 25, 2024 (Dkt. #1). His Original Complaint alleges causes of action under Title IX, 34 C.F.R. § 106.45, and the Fourteenth Amendment (Dkt. #1 at pp. 5–6). Defendant immediately moved to dismiss under Rule 12(b)(6) (Dkt. #4). Though Plaintiff did not respond to Defendant's Motion, Plaintiff filed his First Amended Complaint on August 26, 2024 (Dkt. #5). Through it, Plaintiff appeared to add some factual allegations but does not appear to bring any new claims (*Compare* Dkt. #1, *with* Dkt. #5). The matter being ripe for adjudication, the Court now turns to Defendant's Motion to Dismiss under Rule 12(b)(6) (Dkt. #4).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

As a threshold matter, the Court notes that, while Plaintiff did not offer any response to Defendant's arguments, Plaintiff did file a First Amended Complaint as a matter of course (*See* Dkt. #5). As far as the Court can tell, Plaintiff's First Amended Complaint only attempts to cure the factual deficiencies of which Defendants complain (*Compare* Dkt. #1, *with* Dkt. #5, *and* Dkt. #4). But in the Court's view, Plaintiff's First Amended Complaint is still subject to the same attacks Defendant's Motion advances (*Compare* Dkt. #1, *with* Dkt. #5, *and* Dkt. #4). Thus, though a motion to dismiss under Rule 12(b)(6) might render moot one iteration of a complaint, that general rule does not compel the Court to deny Defendant's Motion is here. The issues presented in Defendant's Motion are far from moot. They are live, just as Plaintiff's First Amended Complaint is. Accordingly, the Court will weigh Defenant's Motion against Plaintiff's live pleading—his First Amended Complaint (Dkt. #5).

Turning to the merits, Defendant moves to dismiss each of Plaintiff's claims. That is, Defendant claims under Title IX, 34 C.F.R. § 106.45, and 42 U.S.C. § 1983. According to Defendant, dismissal is appropriate because Plaintiff's complaint is both predicated upon legal inaccuracies and bereft of a sufficient factual resume to state any plausible claim. The Court disagrees. After reviewing the relevant pleadings and the arguments contained in the briefing, the

4

Court finds that Plaintiff has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion. Accordingly, Defendant's Motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Collin County Community College District's Motion to Dismiss Plaintiff Joey Taylor's Original Complaint and Brief in Support (Dkt. #4) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 4th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE